1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

### SAN FRANCISCO DIVISION

11
12  ALIS DERUS,

Case No. 13-cv-01411 NC

Plaintiff,

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

13
14  v.

Re: Dkt. No. 20

15  CALIFORNIA HOME MEDICAL
EQUIPMENT, and others,

16
Defendant.

17

18      Alis Derus brought this action against California Home Medical Equipment, Inc.,

19  Bernie Zimmer, President of CHME, and Emmanuel Polin, her immediate supervisor, for

20  refusing to grant her requested medical leave in violation of the Family and Medical Leave

21  Act.  All defendants moved for summary judgment, or in the alternative for partial summary

22  judgment.  Because the Court finds that CHME did not refuse to grant Derus' request for

23  medical leave, the Court grants defendants' motion for summary judgment.  But the Court

24  will allow Derus to move for leave to amend her complaint in order to bring a new theory of

25  interference, which she has raised for the first time in her opposition to the motion for

26  summary judgment.

27
28

# I. BACKGROUND

## A.    Factual History

Derus alleges that she began her employment with California Home Medical Equipment, Inc. ("CHME") in January 2010.  Dkt. No. 1 at ¶ 11.  In April 2011, she informed CHME that she was requesting leave for her own serious health condition.  *Id.* at ¶ 12.  Although not alleged in the complaint, she stated in a declaration that she was born with a heart condition that requires periodic follow-up to a cardiology clinic.  Dkt. Nos. 26 at ¶ 2; 26-4 at 2.  Derus alleges that she provided  "reasonable notice to CHME of her need for medical, including its expected time and length," Dkt. No. 1 at ¶ 13, but "CHME refused to grant [her] request for medical leave."  *Id.* at ¶ 14.

Defendants have offered countervailing evidence against Derus' allegations.  According to defendants, Derus began working for CHME on April 26, 2010.  Dkt. No. 21 at 13.  Defendants have pointed to Derus' deposition, in which she admitted that she never made a written request for family medical leave after April 26, 2011.  Dkt. No. 21 at 5.  Additionally, Derus testified that she does not recall making a verbal request for family medical leave after April 26, 2011.  Dkt. No. 21 at 5.  Derus also conceded that she did not miss any doctor's appointments because CHME prevented her from going to them.  Dkt. No. 22 at 3.  She agreed that no one from CHME had "prevent[ed] [her] from seeing Dr. Wilma Arguelles-Gaviola[,]" or "from seeing Dr. Nader Banki."  Dkt. No. 22 at 1, 2.  She further agreed that Bernie Zimmer, one of the defendants, never "den[ied] [her] any family medical leave."  Dkt. No. 22 at 4.  According to defendants, Derus was out on sick leave from May 2 to May 10, 2011.  Dkt. No. 22 at 11.  On or around May 10, 2011, Derus dropped off a doctor's note at CHME saying that she was unable to attend work from May 10 through May 24, 2011.  Dkt. No. 22 at 5.  On May 31, Derus sent an email to CHME, saying she was quitting because of her permanent disability.  Dkt. No. 22 at 7.

## B.    Jurisdiction

The Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the FMLA, 29 U.S.C. § 2601 et seq.  All parties have consented to the jurisdiction of

a magistrate judge under 28 U.S.C. § 636(c).  Dkt. No. 31 at 6-7.

## II. LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material when, under governing substantive law, it could affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  Bald assertions that genuine issues of material fact exist are insufficient.  *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.  Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial.  Fed. R. Civ. P. 56(c); *Ruffin v. Cnty. of L.A.*, 607 F.2d 1276, 1280 (9th Cir. 1979).  All reasonable inferences, however, must be drawn in the light most favorable to the nonmoving party.  *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

## III. ANALYSIS

### A.   The Court Grants Summary Judgment on Derus's Interference and Constructive Discharge Claims

The FMLA prohibits employers from "interfer[ing] with, restrain[ing], or deny[ing]" an employee's exercise or attempt to exercise rights to FMLA-protected leave, 29 U.S.C. § 2615(a)(1), or from "discriminat[ing] against any individual" for opposing any practice made unlawful under the FMLA, or for instituting or participating in FMLA proceedings or inquiries.  *Id.* at § 2615(a)(2), (b); *see Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001).  Derus' only cause of action asserts that defendants "refus[ed] to grant

1    [her] reasonable medical leave" under § 2615(a)(1).  Dkt. No. 1 at ¶ 23.

2        To prevail on a FMLA claim based on alleged interference with the right to take

3    leave, the employee must prove that: "(1) [she] was eligible for the FMLA's protections, (2)

4    [her] employer was covered by the FMLA, (3) [she] was entitled to leave under the FMLA,

5    (4) [she] provided sufficient notice of [her] intent to take leave, and (5) [her] employer

6    denied [her] FMLA benefits to which [she] was entitled." *Aboulhosn v. Merrill Lynch,*

7    *Pierce, Fenner & Smith Inc.*, 940 F. Supp. 2d 1203, 1215 (C.D. Cal. 2013) (citing

8    *Bachelder*, 259 F.3d at 1124); *see also Houston v. Regents of Univ. of Cal.*, No. 04-cv-

9    04443 PJH, 2006 WL 1141238, at *33 (N.D. Cal. May 1, 2006).

10       First, to determine when Derus was eligible for the FMLA's protections, the Court

11   must determine when she started working at CHME.  The FMLA provides that an employee

12   is eligible for leave, when she has been employed "(i) for at least 12 months by the

13   employer . . . to whom leave is requested" and "(ii) for at least 1,250 hours of service with

14   such employer during the previous 12-month period."  29 U.S.C. § 2611(2)(A).  An eligible

15   employee "is entitled to a total of 12 workweeks of leave during any 12-month period for . .

16   . a serious health condition that makes the employee unable to perform the functions of

17   [her] position."  *Id.* at § 2612(a)(1)(D).

18       Derus alleges in her complaint that she started her employment with CHME near

19   January 2010.  Dkt. No. 1 at ¶ 11.  In contrast, defendants assert that Derus began her work

20   on April 26, 2010.  Dkt. No. 20 at 8.  Defendants have supported their claim with Derus'

21   own statement in her deposition, in which she conceded that she "had just started working

22   at CHME on April 26, 2010[.]"  Dkt. No. 21 at 13.  Derus also stated in her declaration that

23   "[she] was employed by CHME" from "April 2010 to May 2011."  Dkt. No. 26 at ¶ 3.

24   Derus has not provided any evidence showing that her employment with CHME started in

25   January 2010 as alleged in the complaint.[1]  *See* Dkt. No. 23.  Therefore, in light of

26

27   _____
     [1] Derus has not requested additional time to obtain affidavits or declarations or to take discovery in
     order to present essential facts to oppose defendants' motion for summary judgment under Federal
28   Rule of Civil Procedure 56(d).

1    uncontroverted evidence provided by defendants, the Court finds that Derus started her

2    employment with CHME in April 26, 2010, and was not eligible for FMLA-protected leave

3    until April 26, 2011.

4         Next, the Court finds that there is no genuine dispute of material fact as to whether

5    defendants refused to grant Derus medical leave.  Defendants point to evidence in the form

6    of Derus' deposition, in which she conceded that "[t]here were never any doctor's

7    appointments [she] missed because CHME prevented [her] from going to them."  Dkt. No.

8    22 at 3.  She also agreed that Bernie Zimmer, one of the defendants, never "den[ied] [her]

9    any family medical leave while [she] worked at CHME."  *Id.* at 4.  In her deposition, Derus

10   testified that she never made a written request for family medical leave after April 26, 2011.

11   Dkt. No. 21 at 5.  Additionally, Derus does not recall making a verbal request for family

12   medical leave after April 26, 2011.  *Id.*

13        Derus has failed to provide any countervailing evidence to rebut defendants' evidence

14   and to show that defendants refused a request for medical leave after April 26, 2011.  Derus

15   asserts that she received a warning on March 10, 2011 for going to doctor's appointments

16   that she had previously asked permission to attend.  Dkt. No. 26 at ¶ 6.  But this warning

17   does not show that her FMLA rights were interfered with because she was not eligible for

18   FMLA rights at that time.  In addition, although Derus dropped off a doctor's note on May

19   10, 2011 at CHME saying that she was unable to attend work from May 10 through May

20   24, 2011, Dkt. No. 22 at 5, Derus provides no evidence that she was denied that requested

21   leave.  Thus, the Court finds that there is no genuine dispute of material fact as to whether

22   defendants refused to grant Derus medical leave, and the Court grants summary judgment

23   on Derus' interference claim.

24        Finally, although not presented as a separate case of action, Derus' complaint states

25   that she "was constructively terminated in April 2011."  Dkt. No. 1 at ¶ 16.  The complaint

26   includes no factual allegations to support this conclusory statement, and Derus has provided

27   no evidence outside of the pleadings to support a constructive discharge theory.  Regardless,

28   given that Derus was not eligible for FMLA-protected leave until April 26, 2011, any act by

1    defendants prior to April 26, 2011, including the alleged constructive discharge, could not

2    have violated or interfered with her FMLA rights.  The Court thus grants summary

3    judgment on Derus' constructive discharge claim, to the extent it is included in the

4    complaint.

5    **B.    Derus May Move for Leave to Amend to Bring Her New Theory**

6          Finally, Derus raises a new theory of interference for the first time in her opposition

7    brief, arguing that defendants failed to provide adequate notice of her FMLA rights.  Dkt.

8    Nos. 23 at 1; 29 at 2.  "In the [Ninth] Circuit, courts may construe other filings, including

9    oppositions to motions, as motions to amend where amendment would be proper."  *Grisham*

10   *v. Philip Morris, Inc.*, 670 F. Supp. 2d 1014, 1022-23 (C.D. Cal. 2009) (citing *Kaplan v.*

11   *Rose*, 49 F.3d 1363 (9th Cir. 1994)).  Here, the Court finds that additional briefing is

12   required to determine whether granting leave to amend the complaint is warranted, but the

13   Court will allow Derus to move for leave to amend her complaint to add her new theory.

14         "The failure to notify an employee of her rights under the FMLA can constitute

15   interference if it affects the employee's rights under FMLA.  However, the FMLA 'provides

16   no relief unless the employee has been prejudiced by the violation.'"  *Liston v. Nevada ex*

17   *rel. its Dep't of Bus. & Indus.*, 311 F. App'x 1000, 1002 (9th Cir. 2009) (quoting *Ragsdale*

18   *v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002)) (internal citations omitted).  In other

19   words, "for a plaintiff to succeed on a claim of interference under section 2615(a)(1) based

20   on the alleged failure to give the required notice(s) under 29 C.F.R. § 825.301, the plaintiff

21   must show that the alleged failure caused the plaintiff some prejudice, render[ing the

22   plaintiff] unable to exercise that right in a meaningful way, thereby causing injury."

23   *Stewart v. Sears, Roebuck & Co.*, No. 04-cv-00428 HU, 2005 WL 545359, at *11 (D. Or.

24   Mar. 7, 2005) (citing *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 143 (3d Cir.

25   2004) (finding FMLA interference claim based on failure to give employee notice was "a

26   viable theory of recovery ").  Here, Derus stated in her declaration supporting her

27   opposition that "CHME did not give me any notice whether my leave would be covered by

28   FMLA, or how much leave I could take."  Dkt. No. 26 at ¶ 10.  She also attested that

1    "CHME did not tell me that my job was protected under the FMLA" and that "given Mr.

2    Poulain's [sic] previous warnings, I expected CHME would fire me for taking recurring

3    sick leave." *Id.* at ¶ 12.  Ultimately, Derus stated, "CHME did not tell me that my job could

4    have been protected until August 2011, and if I had known, I would not have quit my job at

5    CHME on May 31, 2011." *Id.* at ¶ 13.  The Court finds that Derus could therefore

6    potentially support a claim for interference based on CHME's failure to give notice as

7    required by FMLA.  If Derus wishes to bring such a claim, she must move for leave to

8    amend her complaint within fourteen days of this order.  Defendants may oppose the

9    motion.  If Derus does not move for leave to amend within fourteen days, the Court will

10   enter final judgment in accordance with this order.

11                                    **IV. CONCLUSION**

12        Defendants have met their burden by showing the absence of a genuine issue of

13   material fact, and Derus has failed to provide sufficient countervailing evidence to oppose

14   defendants' summary judgment motion.  Therefore, the Court grants defendants' motion for

15   summary judgment.  Derus may move for leave to amend her complaint in order to bring a

16   claim for interference based on failure to give FMLA notice, within fourteen days of this

17   order.

18

19        IT IS SO ORDERED.

20        Date: August 5, 2014

21                                             _____
                                               Nathanael M. Cousins
                                               United States Magistrate Judge